# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**VICTOR CABRERA,**
**D.O.C. # C-11801,**

    **Plaintiff,**

vs.                                        Case No. 4:21cv148-MW-MAF

**MARK INCH, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff initiated this case on April 1, 2021, by submitting a civil ights complaint, ECF No. 1, but he did not pay the filing fee nor file an in forma pauperis motion. An Order was entered on April 2, 2021, directing him to do one or the other if he wanted to proceed. ECF No. 3. That Order was then returned to the Court as undeliverable. ECF No. 4. Although the address was the same as Plaintiff provided in his signature block, ECF No. 1 at 7, the Clerk's Office was directed to re-mail the prior Order to Plaintiff but omit Plaintiff's housing location. ECF No. 5. As a courtesy, Plaintiff's deadline was extended to **May 26, 2021**, so he could

comply. *Id.* Plaintiff was advised that if he no longer desired to proceed with this case, he should file a notice of voluntary dismissal by the same deadline. Additionally, Plaintiff was warned that a recommendation would be made to dismiss this case if he did not comply by the deadline provided. It appears that Plaintiff has abandoned this litigation because, as of this date, nothing further has been received from the Plaintiff.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

Case No. 4:21cv148-MW-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on June 7, 2021.

S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**